# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| BUFFIE M. HOLCOMB,<br><br>Plaintiff,<br>vs.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. C16-4004-LTS<br><br>**MEMORADUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) by the Honorable C.J. Williams, United States Magistrate Judge. *See* Doc. No. 16. Judge Williams recommends that I affirm the decision of the Commissioner of Social Security (the Commissioner) denying plaintiff Buffie M. Holcomb's application for Social Security disability benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. (Act).

Holcomb has filed timely objections (Doc. No. 17) to the R&R. The Commissioner has not filed a response. The procedural history and relevant facts are set forth in the R&R and are repeated herein only to the extent necessary.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as

to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th

Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B.  *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of*

3

*Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Judge Williams noted that Holcomb alleged disability due to heart abnormalities, bipolar condition and borderline diabetes. Doc. No. 16 at 2. He then reviewed her objections to the ALJ's findings, beginning with the ALJ's findings concerning the care Holcomb provided to her grandmother. *Id.* at 8-16. Judge Williams discussed the ALJ's opinion as follows:

> The ALJ found that in February 2015, claimant began working as a live-in caregiver for her 91-year-old grandmother, who suffers from Alzheimer's disease. AR 16. The ALJ found claimant worked 24 hours a day, seven days a week. *Id*. The ALJ found the work involved preparing meals; bathing, feeding, and dressing claimant's grandmother; changing linens, and doing laundry twice per week with little other family help. *Id*.

*Id*. at 9. Judge Williams then described Holcomb's testimony as follows:

> At the hearing, claimant testified that she lived with her grandmother in a two-story house. AR 40. She testified she can only walk a block before her chest starts to hurt, and her chest hurts when she walks up and down the stairs. AR 44. She claimed to have chest pains two or three times a day, and would have to lay down on the couch until they went away. AR 45. She testified that she has to take breaks when performing "light housework" around the house. AR 51.

4

> During the hearing, claimant described what her caregiving duties involved. She testified that she got her grandmother up in the morning and, throughout the day, helped her to the restroom. AR 52. She made all of her grandmother's meals and performed "light housekeeping." *Id*. When her grandmother had "bad days," claimant would bring her grandmother's meals to her in bed. AR 59. Claimant helped her grandmother "keep herself busy as far as like little projects, craft projects." AR 52. Claimant helped dress her grandmother. *Id*. Claimant helped her grandmother prepare for bed. *Id*. Claimant took care of administering her grandmother's medications. AR 52-53. Claimant had a monitor in her grandmother's bedroom so that when her grandmother called for her in the night, she could respond. AR 53. Claimant stated that she responded to her grandmother's calls two or three times a night. *Id*. Claimant testified that she did the laundry and changed bed linens twice a week. AR 55. Claimant did her grandmother's laundry every other day. *Id*. Claimant testified that she performed light housekeeping, but "break[s] out in a sweat and afterwards, I have to sit down for about 15-20 minutes to catch my breath." *Id*. Claimant clipped her grandmother's nails. *Id*. Claimant testified that she bathed her grandmother by preparing a bucket of water, washing her with a washcloth and soap, and then drying her off with a towel. AR 56. Claimant wiped up the floor afterwards to make sure her grandmother did not slip and fall. AR 56-57. Claimant drove her grandmother to her doctor's appointments and to perform other errands. AR 56.
>
> Claimant testified that caring for her grandmother caused her some pain and fatigue, and that she would "sit down for a few minutes and rub my chest on the left side and try to take a few deep breaths to get the pain to go away. And then I go and join her in the kitchen while she's doing her crafts." AR 57-58.
>
> Claimant testified she performed all of these services for her grandmother "24/7." AR 55. Claimant stated that "once in a while" her father and aunt will relieve claimant from her caregiving duties "for about an hour." AR 57.

*Id*. at 10-11. Judge Williams found that "the ALJ's conclusion that [Holcomb's] full-time work as a caregiver for her ailing grandmother demonstrated claimant's ability to work a sedentary job was within the zone of choice available to the ALJ." *Id*. at 11.

Judge Williams determined that it was proper to consider this work, even though Holcomb was not paid, because work of this nature is typically done for pay or profit. *Id.* (citing *Reeder v. Apfel*, 214 F.3d 984, 989 (8th Cir. 2000). Additionally, Judge Williams found that the ALJ's reliance on her work as a caregiver was not outweighed by the opinion of Holcomb's physical therapist, noting that a physical therapist is not an acceptable medical source. *Id.* at 12.

Judge Williams next addressed Holcomb's subjective complaints, and the ALJ's evaluation of those complaints, as follows:

> In this case, the ALJ concluded that "claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely credible . . . ." AR 19. Claimant's 24/7 work taking care of an elderly grandmother was certainly relevant evidence in determining that claimant's symptoms were not as severe as she reported them to be. *See, e.g., Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996) (affirming ALJ's discount of claimant's subjective complaints of pain where claimant was able to care for one of his children on daily basis, drive a car infrequently, and go grocery shopping occasionally); *Miller v. Astrue*, Civil No. 09-3079, 2011 WL 776132, at *8 (W.D. Ark. Jan. 26, 2011) (finding the ALJ did not err in discounting the credibility of claimant's subjective pain complaints where the evidence showed that she served as the full-time care giver for her disabled husband).
>
> The ALJ acted within his zone of choice as well in weighing the state agency reviewing doctors' opinions. Claimant argues these opinions were "not consistent with any of the medical records," but did not provide details or examples of alleged inconsistencies. Doc. 12, at 7. Rather, claimant simply argues they are inconsistent with the physical therapist's opinion and the VA conclusion. I have addressed the physical therapist's opinion above, and will address the VA conclusion in the next section. Here, it suffices to say that the ALJ acted reasonably in discounting the physical therapist's opinion and the VA's position.

*Id.* at 14.

Judge Williams next found that there were no inconsistencies between the state agency consultants' opinions and the ALJ's opinion and determined that the medical

6

evidence was consistent with the ALJ's opinion. *Id.* at 15. He then addressed the ALJ's evaluation and use of findings by the Department of Veterans Affairs (VA):

> Claimant argues the ALJ erred in failing to give significant weight to the Department of Veterans Affairs' (VA) disability rating of claimant. Doc. 12, at 8-10. The VA awarded claimant a 100% disability due to her cardiomyopathy. AR 357-59. The ALJ gave "some weight to the determination of the Veterans Administration (VA) that the claimant has a 100% service-connected disability in the form of cardiomyopathy." AR 20. The ALJ noted that the Commissioner is not bound by that determination. *Id*. The ALJ then concluded that "claimant's current work as a caregiver offsets the VA's finding." *Id*.
>
> A disability determination by the VA is not binding on an ALJ considering a Social Security applicant's claim for disability benefits. *See Jenkins v. Chater*, 76 F.3d 231, 233 (8th Cir. 1996). Nevertheless, "findings of disability by other federal agencies, even though they are not binding on an ALJ, are entitled to some weight and must be considered in the ALJ's decision." *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998). In her brief, claimant repeatedly emphasizes that the ALJ had a responsibility to consider the VA's decision and could not ignore it; but, the ALJ, here, clearly did not ignore it and did consider the VA's decision and did give it some weight. AR 20. Claimant cites cases from other circuit courts of appeal for the proposition that VA disability ratings should be given "great weight" or "substantial weight." Doc. 12, at 9. That is not, however, the law in this circuit. Rather, in the Eighth Circuit, an ALJ must consider the agency determination and give it "some weight." *Morrison*, 146 F.3d at 628. That standard is reasonable because, as the Commissioner points out, the standards are different; the VA does not take into account the person's ability to work, while the Commissioner does. Doc. 13, at 15 (citing UMAR MOULTA-ALI, CONG. RESEARCH SERV., R41289, DISABILITY BENEFITS AVAILABLE UNDER THE SOCIAL SECURITY DISABILITY INSURANCE (SSDI) AND VETERANS DISABILITY COMPENSATION (VDC) PROGRAMS (2012)).
>
> Therefore, I find the ALJ did not err in the manner in which he considered and weighed the VA's disability determination.

*Id*. at 16-17.

Finally Judge Williams addressed the ALJ's hypothetical questions to the Vocational Expert (VE), finding that they accurately reflected Holcomb's limitations and, therefore, that the ALJ did not err in relying on the VE's opinion. *Id*. at 19.

## IV.    DISCUSSION

### A.    *Holcomb's Objections*

Holcomb objects to Judge Williams' findings that (1) the ALJ properly used Holcomb's work as a caregiver to find she was able to engage in full-time work and that this was within a zone of reasonable choice, (2) the ALJ committed no error in weighing the VA's disability determination and (3) the ALJ's hypothetical questions to the VE accurately reflected all of Holcomb's limitations. Doc. No. 17 at 2-4. I will review those issues de novo.

### B.    *Holcomb's Work as a Caregiver*

Citing no authority, Holcomb argues that Judge Williams erred in upholding the ALJ's reliance on her unpaid work as a caregiver for her grandmother to find that she was able to perform full-time work. Holcomb argues that the care she provided her grandmother was limited and on a sporadic basis, thus distinguishing those efforts from the exertion level that would be required by full-time employment. Holcomb also contends that the preparation of meals, doing laundry and performing other activities for her grandmother are simply ancillary to Holcomb's own activities of daily living.

Based on my de novo review, I find no error. Holcomb testified that she is the sole caregiver for her grandmother and has to perform services "24/7." AR 52, 55. Among other things, she prepares meals, does light housekeeping, administers medication, helps her grandmother to the bathroom in the middle of the night (which involves climbing the stairs two to three times a night), does laundry, changes the linens, vacuums, drives her grandmother around and assists her with bathing (which includes

toweling off the floor to ensure her grandmother doesn't slip). AR 52-55. Judge Williams accurately cited case law authorities for the proposition that such work, even if unpaid, is relevant to the issue of whether a claimant is able to perform full-time employment. Doc. No. 16 at 11-12. I agree with Judge Williams that the ALJ was entitled to consider Holcomb's efforts as a caregiver in determining that she is able to perform sedentary work. Holcomb's objection is overruled.

### C. *The VA's Finding*

Holcomb contends that the ALJ erred in not giving proper weight to the VA's finding of 100% disability. Holcomb argues that the assistance she provides to her grandmother does not negate the VA's finding and that the ALJ erred in not giving this finding significant weight.

A "disability determination by the VA is not binding on the ALJ considering a Social Security applicant's claim for disability benefits." *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998) (citing *Jenkins v. Chater*, 76 F.3d 231, 233 (8th Cir. 1996)). However, an ALJ must consider that determination and give it "some weight." *Id.* Here, the ALJ clearly considered the VA's finding and gave it some weight, but found Holcomb's efforts as a caregiver to be inconsistent. AR 20.

Based on my de novo review of the record, I agree with Judge Williams that the ALJ was entitled to make that finding. Judge Williams also explained, correctly, that the VA utilizes different standards for determining disability than does the Commissioner. Doc. No. 16 at 17. The ALJ's evaluation of the VA's finding was consistent with Eighth Circuit law and is supported by substantial evidence. Holcomb's objection is overruled.

### D. *The Hypothetical Questions to the VE*

Holcomb argues that the hypothetical questions were improper because they failed to include her subjective allegations of pain and fatigue. She also argues that the ALJ's

9

finding that she can perform sedentary work was improper and resulted in improper questions to the VE. As such, Holcomb argues that the VE's testimony in response to the hypothetical questions does not constitute substantial evidence.

The ALJ asked the VE about a hypothetical individual of Holcomb's age, education and work experience who had limitations consistent with the ALJ's RFC findings, specifically asking if this individual could perform past work that Holcomb performed. AR 61. The VE testified that the hypothetical individual could perform work as a "secretary, telemarketer, and [ ] order clerk as it is generally performed in the economy, but not as [Holcomb] performed it." *Id*. The ALJ then adjusted the question and added that the hypothetical individual would be "reclining and resting 25 percent of the day and off-task due to pain and fatigue 25 percent of the day." AR 62. The VE testified that a person with these additional limitations would not be able to find work in the national economy. *Id*.

Based on my de novo review, I find the ALJ properly excluded Holcomb's subjective complaints from the hypothetical questions. The ALJ found Holcomb's statements as to the intensity, persistence and limiting effects of her symptoms to be "not entirely credible." AR 19. This conclusion is supported by Holcomb's care for her grandmother, as described above, and her activities of daily living. *See Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009) (finding "cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain."). An ALJ's hypothetical question to the VE is proper if it includes all the limitations that are included in a proper RFC assessment. *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006). Thus, the VE's testimony in response to the hypothetical questions constitutes substantial evidence supporting the ALJ's finding that Holcomb was capable of performing other work. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001). Because I find no error in the questions posed to the VE, Holcomb's objection is overruled.

## V. CONCLUSION

For the reasons set forth herein:

1. Plaintiff's objections (Doc. No. 17) to the magistrate judge's report and recommendation are **overruled**.

2. Judge Williams' Report and Recommendation (Doc. No. 16) is **accepted**.

3. Pursuant to this order, the Commissioner's determination that Holcomb was not disabled is **affirmed**.

4. Judgment shall enter against Holcomb and in favor of the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 16th day of March, 2017.

_____
LEONARD T. STRAND
CHIEF UNITED STATES DISTRICT JUDGE